IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn

Civil Case No. 08-cv-01622-REB-MEH

BRANDON MARTEL EVANS,

    Applicant,

v.

STEVE HARTLEY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

## ORDER ADOPTING RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

**Blackburn, J.**

This matter is before me on the following: (1) the applicant's **Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254** [#2][1] filed July 31, 2008; (2) the magistrate judge's **Amended Recommendation on Application for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254** [#26] filed January 25, 2010; and (3) the **Applicant's Objections To the Magistrate Judge's Recommendations** [#30] filed February 19, 2010. I approve and adopt the recommendation, overrule the objections, and deny the applicant's application.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and I have considered carefully the recommendation, objections, and applicable law. In addition, because the applicant is

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

proceeding *pro se*, I have construed his pleadings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. **See Erickson v. Pardus**, 551 U.S. 89, 94 (2007); **Andrews v. Heaton**, 483 F.3d 1070, 1076 (10th Cir. 2007); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). The recommendation is detailed and well-reasoned. Finding no error in the magistrate judge's reasoning and recommended disposition, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted. I find also that the objections [#30] stated by the applicant are without merit, and I overrule those objections.

In summary, the applicant, Brandon Martel Evans, entered pleas of guilty to charges of conspiracy to commit aggravated robbery and second degree murder. Based on the resulting convictions, he was sentenced to 50 years of incarceration. In his application, Evans contends that he was denied effective assistance of counsel due to a conflict of interest and because a conflict between the two lawyers representing him caused him to be coerced to plead guilty. *Application* [#2], Claim One & Two. Evans' claim of conflict of interest is based on his contention that there was a disagreement between the two lawyers who represented Evans when he entered his guilty pleas. Evans asserts that the more senior of the two attorneys strongly encouraged Evans to accept the plea agreement and to plead guilty, as Evans did. The other attorney disagreed and apparently encouraged Evans not to accept the plea agreement. As described by the magistrate judge, these circumstances do not demonstrate a conflict of interest between Evans and his counsel. Further, as the magistrate judge describes, these circumstances and the other circumstances described by Evans do not support a claim of ineffective assistance of counsel.

2

In support of his claim that his guilty pleas were coerced, Evans contends that the attorney who encouraged Evans to accept the plea agreement told Evans, in very strong terms, that Evans should accept the plea agreement. I agree with the magistrate judge's conclusion that the circumstances described by Evans do not support a claim of ineffective assistance of counsel or a claim that Evans' pleas were coerced.

Evans asserts also a claim that he was coerced to plead guilty because Evans believed he would not be represented by counsel if he did not plead guilty. The magistrate judge did not consider this part of Evans' Claim Two because review of this claim is procedurally barred. This procedural bar is applicable to this portion of Claim Two because Evans did not present this claim to the state courts, and Colorado's procedural rules now bar Evans from presenting this claim in state court. In his objections [#30], Evans argues that failure to exhaust is an affirmative defense and that the respondent did not assert failure to exhaust in its answer to the application. Evans cites law concerning failure to exhaust administrative remedies as an affirmative defense to a civil rights claim under 42 U.S.C. § 1983. *Objections*, pp. 1 - 2. The exhaustion requirement applicable to an application for habeas corpus relief under 28 U.S.C. § 2254 has a legal basis that is different from and independent of the exhaustion requirement applicable to claims under § 1983. The exhaustion requirement for an application under § 2254 is stated explicitly in § 2254(b)(1). A state cannot be deemed to have waived the exhaustion requirement unless the state "expressly waives the requirement." 28 U.S.C. § 2254(b)(3). There has been no such express waiver in this case. Thus, the § 2254 exhaustion requirement is not an affirmative defense and is not waived when it is not raised in response to an application for relief under § 2254. In contrast, the exhaustion requirement applicable to claims under § 1983 is stated in 28 U.S.C. § 1915A. This

exhaustion requirement is an affirmative defense and can be waived. *See, e.g., Jones v. Bock*, 549 U.S. 199, 216 (2007) (requirement of § 1915A that plaintiff exhaust administrative remedies is an affirmative defense to claim asserted under 42 U.S.C. § 1983). With regard to the portion of Evan's Claim Two in which Evans claims that his guilty pleas were coerced because Evans believed he would not be represented by counsel if he did not plead guilty, the magistrate judge concluded correctly that consideration of this claim is procedurally barred.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Amended Recommendation on Application for Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254** [#26] filed January 25, 2010, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in the **Applicant's Objections To the Magistrate Judge's Recommendations** [#30] filed February 19, 2010, are **OVERRULED**;

3. That the applicant's **Application for a Writ of Habeas Corpus Pursuant To 28 U.S.C. § 2254** [#2] filed July 31, 2008, is **DENIED**;

4. That the respondents are **AWARDED** their costs to be taxed by the Clerk of the Court pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1; and

5. That this case is **DISMISSED WITH PREJUDICE**.

Dated November 1, 2010, at Denver, Colorado.

BY THE COURT:

Bob Blackburn
Robert E. Blackburn
United States District Judge